IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JON KINGSTAD,
STEVEN LEVINE and
JAMES THIEL

Plaintiffs,

v.

STATE BAR OF WISCONSIN,

Defendants.

OPINION AND ORDER

09-cv-216-slc

---

In this case, plaintiffs seek review of an arbitrator's decision denying plaintiffs' request for a reduction in their state bar dues. Now before the court is plaintiffs' "motion to remand," in which plaintiffs ask the court to vacate the arbitrator's award and remand the case to the arbitrator for a decision. Dkt. 16. For the reasons stated below, I am denying plaintiffs' motion to remand and I am dismissing their complaint.

Plaintiffs are lawyers licensed to practice law in Wisconsin who disagree with defendant State Bar of Wisconsin's use of their mandatory dues to finance a public image media advertising campaign. The dispute comes to this court as a review of an arbitrator's decision rejecting plaintiffs' objections to defendant's use of their dues. Plaintiffs contend that the arbitrator's decision should be vacated because the arbitrator rejected plaintiffs' objections on the sole ground that defendant's advertising campaign is not ideological or political. The arbitrator concluded that this fact alone was enough to defeat plaintiffs' claim, regardless whether the advertising campaign was germane to the purpose of regulating the legal profession or improving the quality of legal services. This case boils down to a single, narrow question of law: do members of an integrated bar have a First Amendment right to be free from compulsory

contributions to speech that are not ideological or political? The Supreme Court and the Court of Appeals for the Seventh Circuit have answered this question in the negative. *Glickman v. Wileman Brothers & Elliott, Inc.*, 521 U.S. 457, 471-72 (1997); *Thiel v. State Bar of Wisconsin*, 94 F.3d 399, 404-05 (7th Cir. 1996). Although plaintiffs argue that the Supreme Court changed that answer in *United States v. United Foods*, 533 U.S. 405 (2001), I am not persuaded.

From the parties' submissions, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Plaintiffs Jon Kingstad, Steven Levine and James Thiel are attorneys licensed to practice law in Wisconsin. Defendant State Bar of Wisconsin is an "integrated bar," which means that attorneys licensed to practice law in Wisconsin are required to be members of defendant.

Defendant requires its members to pay mandatory dues. Under Wisconsin Supreme Court Rule 10.03(5)(b)1, defendant is prohibited from using an objecting member's mandatory dues for "political or ideological activities that are not reasonably intended for the purpose of regulating the legal profession or improving the quality of legal services." A member may challenge defendant's use of mandatory dues by demanding arbitration. Id. at 10.03(5)(b)3.

In this case, plaintiffs objected to defendant's decision to use mandatory dues in fiscal year 2009 for "public image" or public relations advertising seeking to improve the public image of lawyers. Plaintiffs demanded arbitration and on December 12, 2008, the arbitrator issued a decision rejecting plaintiffs' objection. The arbitrator concluded that because defendant's public image activities were not "political or ideological," defendant could use plaintiffs' dues for

those activities, regardless whether the activities were "reasonably intended for the purpose of regulating the legal profession or improving the quality of legal services."

ANALYSIS

Originally, plaintiffs filed this case in the Circuit Court for Dane County, Wisconsin, pursuing review of the arbitration award pursuant to Wis. Stat. § 788.10. Defendant removed the case on the ground that the court has original jurisdiction over this review because it hinges on a constitutional challenge. I agree that jurisdiction is present under 28 U.S.C. § 1331 and the case was therefore removable under 28 U.S.C. § 1441(b). Plaintiffs' right to relief "necessarily depends on the resolution of a substantial question of federal law," which is enough to establish federal question jurisdiction under § 1331. *Minor v. Prudential Securities, Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996).

At the same time, it is not clear whether plaintiff can pursue an action under Wis. Stat. § 788.10 in federal court. That statute is a procedural vehicle for reviewing arbitration awards in Wisconsin state courts. In federal courts, the proper vehicle is the Federal Arbitration Act, 9 U.S.C. § 10. This point may matter little because the standards are virtually identical, *compare* 9 U.S.C. § 10 *with* Wis. Stat. § 788.10, but it suggests that this case is properly analyzed as one arising under 9 U.S.C. § 10.

Plaintiffs contend that the arbitrator "exceeded [his] powers," a violation of 9 U.S.C. § 10(a)(4), by misapplying First Amendment law, which plaintiffs contend bars the use of compulsory dues for *any* activities not germane to regulating the legal profession or improving the quality of legal services, not just those activities that are "ideological or political." Defendant contends that plaintiffs' challenge is untimely, is barred under the doctrines of claim or issue

preclusion and fails on the merits. Defendant's first two contentions are dubious, but I need not consider those because their final argument resolves the case.

Determining the scope of First Amendment rights in the context of compulsory contributions to speech does not present a new question. In 1990, the Supreme Court held that an "integrated bar" could use mandatory dues for activities that are "germane" to the goals of "regulating the legal profession or improving the quality of the legal services" but could not "fund activities of an ideological nature which fall outside of those areas of activity." *Keller v. State Bar of California*, 496 U.S. 1, 13-14 (1990). The Court in *Keller* grounded its conclusion on principles described in *Abood v. Detroid Board of Education*, 431 U.S. 209, 235-36 (1977), a case involving compulsory union dues.

The very question at issue in this case has been answered by the Court of Appeals for the Seventh Circuit, which held that "the only [State] Bar (or closed shop union) expenses subject to First Amendment challenge are those with an ideological or political tinge." *Thiel v. State Bar of Wisconsin*, 94 F.3d 399, 404-05 (7th Cir. 1996) (citing, among other things, *Keller*, 496 U.S. at 13-14; *Ellis v. Brotherhood of Railway Airline & Steamship Clerks*, 466 U.S. 435, 455 (1984)). Shortly after *Thiel*, the Supreme Court drew a similar conclusion for compelled contributions in a different setting: in *Glickman v. Wileman Brothers & Elliott, Inc.*, 521 U.S. 457, 471-72 (1997), fruit producers were subjected to a comprehensive regulatory scheme that required, among other things, that the producers contribute jointly to generic advertising. *Id.* at 461-63. The Court concluded that this sort of compelled contribution did not violate the First Amendment because, unlike the rulings in "*Abood* and the cases that follow it [including *Keller*]" the expressive activity being funded was not ideological or political. *Id.* at 472. As the court explained, *Abood* "did not

announce a broad First Amendment right not to be compelled to provide financial support for any organization that conducts expressive activities"; rather, the case "merely recognized a First Amendment interest in not being compelled to contribute to an organization whose expressive activities conflict with one's 'freedom of belief.'" *Id.* at 471-72. In other words, *Glickman* recognized that the prohibition on compelled contributions described in *Abood* is limited to contributions related to ideological speech and found no such prohibition in that case because the speech at issue was not ideological.

Plaintiffs contend that this court should follow the ruling in *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 302 (1st Cir. 2000). In that case, the Court of Appeals for the First Circuit concluded that there was no "ideological or political" limitation on First Amendment protections to compelled contributions to speech, in direct conflict with *Thiel* and *Glickman*. *Id.* I do not understand plaintiffs to be arguing that I should follow another circuit's holding instead of the holding in this circuit. This leaves *Romero's* suggestions that *Glickman's* and *Thiel's* reliance on the "ideological or political" limitation were dicta because those courts also held that the speech being challenged was not "germane." *Id.* at 301, 302 n.10. I disagree. Although the courts in *Glickman* and *Thiel* both held that the speech being challenged was not "germane," *Glickman*, 521 U.S. at 473; *Thiel*, 94 F.3d at 405, this simply means that the courts' conclusions regarding "non-ideological" speech were alternative holdings. Such holdings remain binding on this court and must be followed. *Whetsel v. Network Property Services, LLC*, 246 F.3d 897, 903 (7th Cir. 2001) (alternative holding is one based on "the actual facts before the court" and is "a sufficient ground standing alone to reach the court's decision," which means it is entitled to precedential weight).

Not so fast, plaintiffs caution: they contend that in *United States v. United Foods*, 533 U.S. 405 (2001), the Supreme Court overruled *Thiel* and *Glickman* by holding unconstitutional certain mandatory assessments for non-political and non-ideological speech.[1] At issue in *United Foods* was a statute that allowed assessments to be imposed on mushroom handlers. *Id.* at 408. The assessments could be used for promotion, research or information, but they were used mostly for promotion of mushroom sales. *Id.* The Court held that the mandatory assessments were not prohibited under the First Amendment although the contributions were for speech that was not political or ideological. *Id.* at 416.

At first glance, the Court's justification for finding a constitutional violation in *United Foods* suggests that the Court indeed overruled *Thiel* and *Glickman*. The Court acknowledged that "[w]e did say in *Glickman* that *Abood* recognized a First Amendment interest in not being compelled to contribute to an organization whose expressive activities conflict with one's freedom of belief," but added that it "take[s] further instruction . . . from *Abood's* statement that speech need not be characterized as political before it receives First Amendment protection." *Id.* at 413 (citations and internal quotations omitted).

A careful examination of *United Foods* reveals that the Court did not erase the "ideological or political" limitation on First Amendment rights described in *Thiel* and *Glickman* but instead distinguished the circumstances of *United Foods* from cases in which the ideological or political limitation came into play. As the Court explained in *United Foods*, in cases such as *Glickman* and *Keller* (and *Thiel*), the compelled contributions to speech occurred in the context of members

[1] In a two-sentence footnote, plaintiffs suggest that *Lehnert v. Ferris Faculty Association*, 500 U.S. 507, 528-29 (1991), also supports its position because it held unconstitutional compelled contributions to public relations speech. Dkt.16 at 16, n.9. But in *Lehnert* the unconstitutional compelled contributions related to public relations speech that was *political*. The same case held that compelled contributions for public relations speech related to teaching and education were permitted. *Id.* This holding cuts against plaintiffs, not for them.

being required to associate for other reasons. *Id.* at 414-15. In *Keller* (and *Thiel*), the required association was an integrated bar and in *Glickman* it was a statutory framework binding the fruit producers together in a "common venture." *Id.* at 415. No such required association was present in the statutory mechanism requiring compelled contributions in *United Foods*, except for the purpose of "generat[ing] the very speech" being challenged. *Id.* This distinction is important because cases such as *Abood*, *Keller* and *Glickman* hold that compelled contributions for speech are permissible so long as the speech is "germane" to the purposes of a required group action. *Id.* at 415. Employing this analysis in *United Foods* would be a pointless tautology, essentially asking whether the speech is germane to generating itself.

The germaneness test and the "ideological or political" limitation described in *Thiel* and *Glickman* are different methods to address the same concern: how to ascertain the boundaries of free speech rights in a forced group. As the Court explained in *Ellis*, 466 U.S. at 455-56, the very existence of the forced group is itself a "significant impingement of First Amendment rights," but it is an impingement justified by the government's interest in setting up the group in the first place. For union shops, the interest is industrial peace, *id.* at 456; for integrated bars, the interest is regulating the legal profession and improving the quality of legal service available to the people of the state. *Keller*, 496 U.S. at 14 (citing *Lathrop v. Donohue*, 367 U.S. 820, 843 (1961)). Unless compelled contributions to speech relate to ideological or political speech ("freedom of belief"), the objection to the speech is simply an objection to the fact that the forced group is speaking at all, rather than a challenge to the content of the speech. In this situation, the member's forced contribution is nothing more than an aspect of his/her participation in the group itself and therefore "does not increase the infringement of [a

member's] First Amendment rights already resulting from the compelled contribution." *Ellis*, 466 U.S. at 456.

What if the forced group engages in speech that is non-political, non-ideological *and* not germane to the legitimate governmental interests that justify the forced association? Does such middle-ground speech violate a member's First Amendment rights? It is hard to see how. Perhaps one could argue that non-germane speech by a forced membership group dilutes the germane speech and commensurately dilutes the goal for which forced membership is permitted, but this is just another way to challenge the forced association itself. All that is required to justify the force membership is that the "bulk of State Bar activities" serve the legitimate interests. *Lathrop v. Donohue*, 367 U.S. 820, 843 (1961). Therefore, scrutinizing and flagging each potentially non-germane activity to which a forced member contributes is not enough to construct a valid constitutional challenge. For individual instances of a legitimate forced group's speech, compelled contributions to such speech violates the First Amendment only if the speech is ideological or political.

In conclusion, I am not persuaded that *Union Foods* has overruled *Glickman* and *Thiel* or that any room exists to argue that compelled contributions to a state bar's non-political, non-ideological speech infringe on the members' First Amendment rights. Even if I inferred that *United Foods* implicitly overruled *Glickman* and *Thiel*–and I do not–my inference would not cause me to change my ruling. *See Levine v. Heffernan*, 864 F.2d 457, 461 (7th Cir. 1988) (out of respect for *stare decisis*, lower courts "are ordinarily reluctant to conclude that a higher court precedent has been overruled by implication"). Therefore, I conclude that it was not improper for the arbitrator to reject plaintiffs' objections to the mandatory dues after concluding that their

use was for speech that was not political or ideological. I will deny plaintiff's motion to vacate the arbitrator's decision and, because the parties have agreed that plaintiffs' case rises or falls on plaintiffs' motion, dkt. 12, I will dismiss this case.

ORDER

IT IS ORDERED that the motion to remand filed by plaintiffs Jon Kingstad, Steven Levine and James Thiel, dkt. 16, is DENIED and plaintiff's complaint is DISMISSED with prejudice. The clerk is directed to enter judgment for defendant State Bar and close this case.

Entered this 23rd day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge